# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ISSAC GAINES,<br>　　　　Plaintiff(s),<br>v.<br>STATE OF NEVADA, et al.,<br>　　　　Defendant(s). | Case No.: 2:18-cv-01750-GMN-NJK<br>**Report and Recommendation** |

　　　　On June 17, 2020, the Court set this matter for a settlement conference to take place on July 29, 2020. Docket No. 23. The Court therein ordered the parties to provide settlement statements including discussion of their case and also an email address through which they can connect to the settlement conference by video. *See id.* at 3-4. The settlement statements were due by July 15, 2020. *Id.* at 4. The Court warned that failure to comply with that order could result in sanctions, *id.*, but Plaintiff did not submit a settlement statement by the deadline set. On July 20, 2020, the Court again ordered Plaintiff to submit his settlement statement, setting a new deadline of July 27, 2020. Docket No. 24. The Court also again warned that failure to comply with that order could result in sanctions, *id.*, but Plaintiff did not submit a settlement statement by the deadline set. As a result, the Court was required to vacate the settlement conference.

　　　　On July 28, 2020, the Court ordered Plaintiff to show cause in writing, no later than August 11, 2020, why sanctions should not be imposed up to and including potential dismissal. Docket No. 26. The Court further warned that "**FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE WILL RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED.**" *Id.* Notwithstanding the warnings of the potential for case-dispositive sanctions, Plaintiff did not respond to the order to show cause.

The willful failure of Plaintiff to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has willfully refused to comply with the Court's orders, even after the Court warned that such violations could result in dismissal.

In light of the above, the undersigned **RECOMMENDS** that this case be **DISMISSED** pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

Dated: August 31, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).